■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY DiCAMBIO, Appellant, v. CHARLES L. McKENDRICK, as Warden of Wallkill Prison, Respondent.— SWEENEY, J. Appeal from a judgment of the Supreme Court at Special Term, entered September 11, 1968 in Ulster County, which dismissed a writ of habeas corpus after a hearing. At about 1:00 A.M. on February 11, 1963 relator and two others were sitting in an automobile parked in the driveway of the parents of one of the other occupants. All three were taken into custody by the White Plains police. Later other police officers arrived at the scene and, without a warrant, broke into the automobile, which had been locked by its owner, and removed certain tools. The relator was subsequently fingerprinted, booked and told that he was being arrested for burglary third degree, possession of burglar's tools and petit larceny. At 9:00 A.M. of the same day he was brought before a Magistrate and released on bail. The Grand Jury did not return an indictment and all charges against relator were thereafter dismissed. The fingerprints taken, however, matched some found at the scene of a burglary which occurred on December 19, 1961 in Greenburgh. Relator was later indicted, tried and convicted of the 1961 burglary. Received in evidence on the trial, over the objection of defendant, were the fingerprints taken after the February, 1963 arrest. Relator contends that the property removed from the automobile was illegally obtained. He argues that without this property there would have been no arrest or ultimate fingerprinting. He further argues that since the basis for the arrest was the illegally obtained tools, the fingerprints taken were equally tainted. The objection made at the trial to the receipt in evidence of the fingerprints was not based upon the fact that they were the product of an illegal search, but rather that they would apprise the jury of defendant's other difficulties with the law. Relator appealed his conviction and raised the question of the improper receipt of the fingerprints on the same ground. Both the Appellate Division (24 A D 2d 703) and the Court of Appeals (17 N Y 2d 556) affirmed. On January 29, 1968 the present proceeding was brought, and for the first time relator urged that the fingerprints were the product of an illegal search. Defendant was represented by counsel, but did not move for the return of the fingerprints after the dismissal of the charges arising out of the February, 1963 arrest, as permitted under section 552-a of the Code of Criminal Procedure. Neither did he avail himself of section 813-c of the Code of Criminal Procedure to have the property returned or seek suppression of its use in evidence. Consequently, we must conclude relator is precluded from raising it at this time. (Code Crim. Pro., § 813-d; *People* v. *Edmonds*, 26 A D 2d 592; *People* v. *Weems*, 17 N Y 2d 598.) Judgment affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.